NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ENEMECIO LEZAMA-SANCHEZ, AKA Enemecio Lezama Sanchez, AKA Enemesio Lezama-Sanchez, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.   17-73494 <br><br> Agency No. A205-714-517 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 1, 2022**
Pasadena, California

Before:  SILER,*** CALLAHAN, and H. THOMAS, Circuit Judges.

Enemecio Lezama-Sanchez, a native and citizen of Mexico, petitions

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

***     The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

for review of the Board of Immigration Appeals' ("BIA") order denying reconsideration of its decision affirming an immigration judge's ("IJ") denial of Petitioner's applications for cancellation of removal, asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction over certain aspects of the petition under 8 U.S.C. § 1252. We review the denial of a motion to reconsider for abuse of discretion. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny the petition for review in part and dismiss in part for lack of jurisdiction.

1.      The BIA did not err in denying Lezama-Sanchez's motion to reconsider because the motion failed to identify any error of fact or law in the BIA's prior order. *See* 8 C.F.R. § 1003.2(b)(1). The BIA did not abuse its discretion in concluding "a remand was and is not warranted for consideration of . . . hardship to [Petitioner's] son" because Petitioner failed to establish the requisite continuous physical presence for cancellation in any event. *Gutierrez v. Mukasey*, 521 F.3d 1114, 1116-17 (9th Cir. 2008). Nor did the BIA abuse its discretion in rejecting the remaining arguments presented in the motion because they could have been, but were not, raised in Petitioner's BIA appeal brief. *Matter of O-S-G-*, 24 I. & N. Dec. 56, 58 (BIA 2006).

2.      To the extent Petitioner now challenges the merits of the agency's underlying decisions rejecting his claims for cancellation, asylum, withholding,

2

and CAT relief, we lack jurisdiction over those challenges. Lezama-Sanchez did not petition for review of the BIA's dismissal of his initial appeal of the relevant IJ decision. *Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1258 (9th Cir. 1996).

3.      Finally, Lezama-Sanchez claims that the agency denied him due process in denying his applications for cancellation, asylum, and withholding of removal. Even if we were to construe his due process arguments as a challenge to the BIA's denial of his motion for reconsideration—the only decision from which Lezama-Sanchez has petitioned for review—we lack jurisdiction over this non-colorable due process challenge. *Vilchiz–Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012).

**PETITION DENIED in part; DISMISSED in part.**